UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
CARLA CARVALHO,

                Plaintiff,                  **CASE NO.: 07 CV 3154 (DLC)**

  - against -

PIZZA HUT OF AMERICA, INC., and
TARGET CORPORATION,

                Defendants
------------------------------------------------------X

PURSUANT TO RULE 7.1 OF THE GENERAL RULES OF THE US DISTRICT COURT FOR THE SOUTHERN AND EASTERN DISTRICTS OF NEW YORK AND TO ENABLE JUDGES AND MAGISTRATE JUDGES OF THE COURT TO EVALUATE POSSIBLE DISQUALIFICATION OR RECUSAL, THE UNDERSIGNED COUNSEL FOR **TARGET CORPORATION** (A PRIVATE NON-GOVERNMENTAL PARTY) CERTIFIES THAT THE FOLLOWING ARE CORPORATE PARENTS, AFFILIATES AND/OR SUBSIDIARIES OF SAID PARTY WHICH ARE PUBLICLY HELD.

                NONE

DATE:  Staten Island, New York
        April 26, 2007

                                          _____
                                          SUSAN E. O'SHAUGHNESSY (8254)

FOR SDNY-9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CARLA CARVALHO,

                Plaintiff,

- against -

PIZZA HUT OF AMERICA, INC., and
TARGET CORPORATION,

                Defendants.
---------------------------------------------------------------X

**VERIFIED ANSWER**

**07 CV 3154 (DLC)**

S I R S :

      PLEASE TAKE NOTICE, that the defendant, **TARGET CORPORATION,** by its attorneys, CONNORS & CONNORS, P.C., answering the Summons and Verified Complaint herein, states as follows:

      FIRST:    Denies any knowledge or information thereof sufficient to form a belief as to each and every allegations of the complaint set forth in paragraphs, FIRST, SECOND, FOURTH, FIFTH, SIXTH and SEVENTH.

      SECOND:    Admits each and every allegation of the complaint set forth in paragraphs THIRD, EIGHTH, NINTH, TENTH and ELEVENTH.

      THIRD:    Denies each and every allegation of the complaint set forth in paragraphs THIRTEENTH, FOURTEENTH, FIFTEENTH and SIXTEENTH.

      FOURTH:    Denies each and every allegation of the complaint set forth in paragraph TWELFTH to the extent that the "TWELFTH" paragraph contains a conclusion of law which is referred to the Court.

      PLEASE TAKE FURTHER NOTICE, that the following affirmative defenses are set forth as follows:

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The personal injuries alleged to have been sustained by the plaintiff was caused in whole or in part as a result of the culpable conduct attributable to the plaintiff, including, but not limited to, plaintiff's contributory negligence and/or assumption of the risk, and the defendant, **TARGET CORPORATION**, seeks a reduction of any recovery had by the plaintiff in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Upon information and belief, plaintiff's economic loss, if any, as specified in Section 4545 of the CPLR, was or will be replaced or indemnified, in whole or in part, from collateral sources, and this answering defendant is entitled to have the court consider the same in determining such special damages as provided in Section 4545 of the CPLR.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Pursuant to 28 USC §1404 Target will request a change of venue.

Dated: Staten Island, New York
April 26, 2007

                                    CONNORS & CONNORS, P.C.

                                    By:_____
                                    SUSAN E. O'SHAUGHNESSY (8254)
                                    Attorneys for **Defendant**
                                    **TARGET CORPORATION**
                                    766 Castleton Avenue
                                    Staten Island, NY 10310
                                    (718) 442-1700
                                    File No. DTS 23454

TO:    DAVIDSON & COHEN, P.C.
          Attorney for **Plaintiff**
          265 Sunrise Highway
          Rockville Centre, New York 11570
          (516) 763-6700

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **VERIFIED ANSWER** was mailed by first class mail, postage prepaid this 26th day of April, 2007, to all counsel of record as indicated below.

_____
SUSAN E. O'SHAUGHNESSY (8254)


TO:   DAVIDSON & COHEN, P.C.
      Attorney for **Plaintiff**
      265 Sunrise Highway
      Rockville Centre, New York 11570
      (516) 763-6700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CARLA CARVALHO,                                             **DEFENDANT'S FIRST SET**
                                                            **OF INTERROGATORIES ON**
                  Plaintiff,                      **PLAINTIFF**

    - against -

                                           **07 CV 3154 (DLC)**

PIZZA HUT OF AMERICA, INC., and
TARGET CORPORATION,

                  Defendants.
----------------------------------------------------------X
S I R S :

      PLEASE TAKE NOTICE, that pursuant to Rule 33 of the Federal Rules of Civil Procedure, the plaintiffs are hereby required to answer under oath within thirty (30) days the following interrogatories:

### DEFINITIONS

      a.     "Document(s)" means any written, recorded or graphic material however produced or reproduced and all drafts and copies thereof (unless such copies are identical in every respect to the original) including, without limitation, agreements, books, summaries of conversations, summaries of interviews, diaries, financial statements, minutes or records of meetings or conferences, appraisals, invoices, bills, photographs, drawings, blueprints, specifications, checks, drafts and pleadings.

      b.     "Plaintiff" refers to **CARLA CARVALHO**, individually, their agents, servants and/or representatives as well as any and all other entities employed and/or retained by the plaintiff to render and perform any services whatsoever in connection with the matters referred to in the complaint.

    c.    "Defendant" refers to, **TARGET CORPORATION,**, its partners, officers, servants, agents and/or employees.

    d.    "Complaint" refers to the complaint in this action.

    e.    Each interrogatory herein refers to the periods first referred to in the complaint to date unless otherwise stated.

    f.    In the event that any document or communication called for to be identified in these interrogatories is to be withheld on the basis of a claim of privilege, that document or communication is to be identified by the nature of the privilege asserted and in accordance with paragraphs "K" and "L" below.

    g.    In the event that any document called for to be identified in this demand has been destroyed, that document is to be identified as follows: addressers, addressee, indicated or blind copies to all persons to whom distributed, shown or explained, date of destruction, manner of destruction, and persons destroying the documents.

    h.    The word "person(s)" shall mean all individuals and entities including without limitation and generality of the foregoing all individuals, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, etc.

    i.    The word "or" and "and" each mean "both in the conjunctive and disjunctive".

    j.    The word "identify" when used with respect to a person or persons means (1) to state the name, address(es) and telephone number(s) of each such person; and (2) if such person was affiliated at any time with any party to this litigation, by employment or otherwise, to state the nature (including job title, if any) and the dates of such affiliation.

k.  The word "identify" when used with respect to a document or documents means (1) to specify the nature of the document (such as, for example, letter, memorandum, etc.); (2) to state the date, if any, appearing on the document, or if none, the date upon which such document was prepared; (3) to describe in general the subject matter or the document; (4) to identify each person who wrote, signed, dictated or otherwise participated in the preparation of the document; (5) to identify each person, if any who was an addressee thereof and (6) if it now exists, to identify each person having custody of such document.

l.  The word "identify" when used with respect to an oral communication, means (1) to state the date of such communication; (2) to identify each person participating therein and each person who was present; (3) to state what was said by each participant in the course of such communication, or if not known or recalled, the substance of same; (4) to state whether there are any documents which set forth, summarize, or refer to any portion of such oral communication; (5) if such documents exist, to identify each such document and such person having custody of the document.

m.  The word "occurrence" shall mean the incident referred to in paragraph "8" of the within complaint.

## INTERROGATORIES

1.  Identify each person answering these Interrogatories, supplying information or assisting in any way with the preparation of the answers to these Interrogatories.

2.  Identify every person with knowledge of relevant facts regarding the allegations contained in the plaintiff's complaint including said persons name, title, if applicable, employer, if applicable, business address and home address.

3. Identify each act of omission of **TARGET CORPORATION,**, that forms the basis of the allegations contained in the plaintiff's complaint.

4. With respect to any statements that have been taken from **TARGET CORPORATION**, its agents, servants or employees, relating to the facts that are the subject of this litigation, please state the following:

    (a) The identity of the person who gave or made the statement;

    (b) The substance of the statement;

    3: The date upon which the statement was taken;

    4: The identity of the person who took the statement;

    5: Whether the statement was reduced to writing;

    6: The present location of the statement and the identity of the person now in possession of the statement.

5. Describe all injuries allegedly sustained by plaintiff, **CARLA CARVALHO**, as a result of the incident of May 4, 2006, and specify which injuries, if any, the plaintiff claims to be permanent.

6. For each injury sustained, identify all health care providers, including but not limited to hospitals, clinics, physicians, chiropractors and therapists who provided treatment for each injury, the nature of the treatment provided and the fees charged for said treatment.

7. Has plaintiff ever sustained a prior injury or received any prior medical treatment for injuries or conditions for the parts of the body which the plaintiff claims to have injured in the accident of May 4, 2006. If yes, please identify all health care providers who provided treatment for each injury or condition and the nature of the treatment provided.

      8.      Had the plaintiff, **CARLA CARVALHO**, made any complaints, orally or in writing, to any agent, servant or employee of **TARGET CORPORATION,** or any agent, prior to the accident regarding the condition of the vehicle which the plaintiff alleged caused the accident. If yes, please state:

      (a)      When the complaint was made;

      (b)      To whom the complaint was made;

      (c)      Whether the complaint was written or oral;

      (d)      The action taken in response to the complaint;

      9.      Has plaintiff, **CARLA CARVALHO**, been convicted of a crime, by plea or verdict, punishable by imprisonment in excess for one year, or which involves dishonesty or false statement, in any state or federal court. If the answer is yes, state the type of offense, the date of conviction, the docket number, the court, the county and the state in which the plaintiff was tried or the case was handled.

      10.      Does plaintiff, **CARLA CARVALHO**, contend that she missed work as a result of the injuries sustained in the accident. If so, provide the dates for missed work, the reason for any time missed and the amount of income the plaintiff lost for any time out of work.

      11.      Has plaintiff, or anyone on plaintiff's behalf, ever made a demand for claim, or filed a lawsuit against any person or entity, to recover damages as a result of personal injuries? If the answer is yes, provide dates of claims and lawsuits, identify lawsuits by type of case, docket number, court where filed and the disposition of each claim or law suit.

12. Identify each person who may be used at trial to present lay or expert opinion under Federal Rule of Evidence 702, 703 and 705. For each witness named, provide the following information:

(a) The area in which the plaintiff expects the witness to testify or render an opinion;
(b) The complete statement of all opinions to be expressed and the basis and reasons for the opinion.
(c) The data or other information considered by the witness in forming the opinion;
(d) Any exhibits to be used as a summary for support for the opinion;
(e) The qualification of the witness, including a list of all publications authored by the witness within the preceding ten years.
(f) The compensation to be paid for the study and testimony; and
(g) A list of all cases in which the witness has testified as an expert at trial or by deposition within the last four years.
(h)

PLEASE TAKE NOTICE, that the within demand is a continuing demand, and if further information becomes known and/or available, same is to be furnished to this office in prompt fashion.

Dated: Staten Island, New York
April 26, 2007

CONNORS & CONNORS, P.C.

By:_____
SUSAN E. O'SHAUGHNESSY (8254)
Attorneys for **Defendant**
**TARGET CORPORATION**
766 Castleton Avenue
Staten Island, NY 10310
(718) 442-1700
File No. DTS 23454

TO:   DAVIDSON & COHEN, P.C.
      Attorney for **Plaintiff**
      265 Sunrise Highway
      Rockville Centre, New York 11570
      (516) 763-6700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CARLA CARVALHO,

       Plaintiff,     **DEFENDANTS' FIRST REQUEST**
               **FOR PRODUCTION OF DOCUMENTS**
  -against-

               **07 CV 3154 (DLC)**

PIZZA HUT OF AMERICA, INC., and
TARGET CORPORATION,

       Defendants.
----------------------------------------------------------X

  PLEASE TAKE NOTICE that, pursuant to Rule 26 and Rule 34 of the Federal Rules of Civil Procedure, plaintiff is hereby required to provide and permit the defendant to inspect and copy the following documents within thirty (30) days of the receipt hereof:

  1.  The hospital record of injuries allegedly sustained as a result of the within occurrence.

  2.  The medical reports of any treating or examining health care providers who treated the plaintiff(s) for injuries allegedly sustained as a result of the within occurrence, pursuant to <u>Schwartz v. Travelers Insurance Co.</u>, 17 F.R.D. 330 (S.D.N.Y. 1959). These shall include a detailed recital of the injuries and conditions as to which testimony will be offered at the trial, referring to and identifying those x-rays and technicians' reports which will be offered at trial.

  3.  Duly executed and acknowledged original written authorizations permitting the defendant(s) to obtain office records and such other records, including x-ray and MRI films and studies, any and all other electro-diagnostic test studies, and technicians' reports, from each hospital, physician, therapist, nursing service, or health-related facility that rendered treatment and/or care to

the plaintiff(s) with regards to the injuries allegedly sustained herein and/or any similar pre-existing condition and/or subsequent condition.

4. Any and all statements taken from defendant(s), its (their) agents, servants, and/or employees concerning or with regard to the subject occurrence.

5. Any and all photographs of the scene of the accident and/or the vehicle and/or instrumentalities involved, and/or plaintiff's claimed injuries.

6. Duly executed and acknowledged written authorizations permitting defendant to obtain and make copies of all hospital records and such other records, including x-ray and MRI films and studies, any and all other electro-diagnostic test studies, and technicians' reports as may be referred to and identified in such records.

7. Duly executed and acknowledged written authorization permitting the defendant(s) to obtain the employment records of plaintiff from the years 2003, 2004, 2005 and 2006.

8. All bills incurred by the plaintiffs as a result of the alleged occurrence including but not limited to all medical bills for treatment rendered to the plaintiff herein.

9. Plaintiff's federal income tax returns for a three-year period up to and including the date of accident to date, together with a current, duly executed, and properly filled in Form 4506 for permitting the defendant to obtain copies of same from the Internal Revenue Service.

10. All accident or incident reports prepared by or on behalf of any party to this action.

11. Produce and permit the undersigned attorneys to inspect and copy the contents of:

    (a) Each and every collateral source of payment, including but not limited to, insurance agreements, Social Security, Worker's

Compensation or employee benefit programs, and any other collateral source of payment for past or future costs or expenses alleged to have been incurred by the plaintiffs and for which recovery is sought in the instant action, and;

(b) A written statement setting forth any such collateral sources and their amounts.

(c) Duly executed written authorizations permitting the undersigned attorneys to obtain and make copies of all records relating to collateral source information as set forth herein.

Dated: Staten Island, New York
April 26, 2007

      CONNORS & CONNORS, P.C.

      By:_____
      SUSAN E. O'SHAUGHNESSY (8254)
      Attorneys for **Defendant**
      **TARGET CORPORATION**
      766 Castleton Avenue
      Staten Island, NY 10310
      (718) 442-1700
      File No. DTS 23454

TO: DAVIDSON & COHEN, P.C.
      Attorney for **Plaintiff**
      265 Sunrise Highway
      Rockville Centre, New York 11570
      (516) 763-6700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARLA CARVALHO,

                              Plaintiff,

                -against-

PIZZA HUT OF AMERICA, INC., and
TARGET CORPORATION,

                        Defendants.
------------------------------------------------------------X

**FRCP DEMAND FOR EXPERT'S INFORMATION**

**07 CV 3154 (DLC)**

S I R S :

      PLEASE TAKE NOTICE, that pursuant to Rule 33 of the Federal Rules of Civil Procedure, the plaintiff is hereby required to answer under oath within thirty (30) days the following demand for Expert's Information:

1. Identify each person who may be used at trial to present lay or expert opinion under Federal Rule of Evidence 702, 703 and 705. For each witness named, provide the following information:

    (a)    The area in which the plaintiff expects the witness to testify or render an opinion;
    (b)    The complete statement of all opinions to be expressed and the basis and reasons for the opinion;
    (c)    The data or other information considered by the witness in forming the opinion;
    (d)    Any exhibits to be used as a summary for support for the opinion;
    (e)    The qualification of the witness, including a list of all publications authored by the witness within the preceding ten years;

    (f) The compensation to be paid for the study and testimony; and
    (g) A list of all cases in which the witness has testified as an expert at trial or by deposition within the last four years.

PLEASE TAKE NOTICE, that the within demand is a continuing demand, and if further information becomes known and/or available, same is to be furnished to this office in prompt fashion.

Dated: Staten Island, New York
    April 26, 2007

                CONNORS & CONNORS, P.C.

                By:_____
                SUSAN E. O'SHAUGHNESSY (8254)
                Attorneys for **Defendant**
                **TARGET CORPORATION**
                766 Castleton Avenue
                Staten Island, NY 10310
                (718) 442-1700
                File No. DTS 23454

TO: DAVIDSON & COHEN, P.C.
    Attorney for **Plaintiff**
    265 Sunrise Highway
    Rockville Centre, New York 11570
    (516) 763-6700

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing DEFENDANT'S FIRST SET OF INTERROGATORIES, DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS and DEMAND FOR EXPERT'S INFORMATION was mailed by first class mail, postage prepaid this 26th day of April, 2007 to all counsel of record as indicated below.

_____
SUSAN E. O'SHAUGHNESSY (8254)

TO: DAVIDSON & COHEN, P.C.
Attorney for **Plaintiff**
265 Sunrise Highway
Rockville Centre, New York 11570
(516) 763-6700